UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TY INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 25-3801 |
| v. | ) | |
| | ) | |
| TY BEANIES PTY LIMITED, | ) | Honorable John Robert Blakey |
| TY NORDIC OÜ, AND | ) | |
| SUNE GROUP PTY LTD. | ) | |
| | ) | |
| *Defendants*. | ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff Ty Inc. ("Plaintiff" or "Ty") and Defendants Australian Toy Brands Pty Ltd (formerly known as Ty Beanies Pty Limited ("LTD")), Toys Nordic Trade OÜ (formerly known as Ty Nordic OÜ ("Nordic")), and Sune Group Pty Ltd. ("Sune") (LTD, Nordic and Sune collectively "Defendants") submit this Joint Initial Status Report as follows:

1. **Service of Process.**

Since all three defendants are located outside of the United States, Ty filed a Motion for Service of Original Process by Alternative Means pursuant to Fed.R.Civ.P. 4(f)(3) and 4(h) on April 18, 2025. Dkt. 13. Ty sought leave to serve defendants and their counsel via email, with courtesy copies sent via international courier. *Id*. p. 11. This Court granted Ty's Motion for Service of Original Process by Alternate Means on April 22, 2025. Dkt. 14.

Pursuant to this Court's Order, on April 23, 2025, Ty served Defendants LTD and Nordic by emailing a cover letter, summons, complaint (with Exhibits A-F), and the Court's minute order permitting email service, to Mr. Toomas Neson at tom@nordic.com, tom@beanies.com.au, and tom@tomson.ee, and to Kaspar Koppel at kaspar@lauspartners.com.

Also pursuant to this Court's Order, on April 23, 2025, Ty served Defendant Sune by emailing a cover letter, summons, complaint (with Exhibits A-F), and the Court's minute order permitting email service, to Mr. Neson at tom@nordic.com, tom@beanies.com.au, and tom@tomson.ee, to Mr. Janar Suleimanov at info@sune.au, and to Kaspar Koppel at kaspar@lauspartners.com.

Also pursuant to this Court's Order, on April 23, 2025, Ty sent courtesy copies of all service materials to all defendants via Federal Express at addresses where Ty knows (through other litigation) Defendants have received courier deliveries in the past, as follows:

**LTD, Nordic**
Pirita tee 26f-74
Tallin, 10127
Estonia

Kaspar Coppel (**Attorney for LTD, Nordic**)
Laus & Partnerid
Narva Mnt 7B
Tallinn, 10117
Estonia

**Sune**
Unit 9b 13 Thornton Street
NSW
Darling Point 2027
Australia

The FedEx package sent to attorney Kaspar Coppel was delivered on April 25, 2025; the FedEx package sent to Sune was delivered on April 30, 2025; and the FedEx packages sent to LTD and Nordic were delivered on May 5, 2025.[1]

---

[1] Defendants do not contest the facts as set forth in Section 1, but do not agree that the alternative method of service was sufficient or that service was properly effectuated. Defendants are investigating these defenses, and reserve their right to raise them in response to the amended complaint.
  Defendants intended to file a motion to extend the time by which to answer the operative complaint on May 14, 2025. At Plaintiff's request, Defendants agreed to delay their filing while

2. **Nature of the Case.**

   a. **Attorneys of Record**.

      **For Plaintiff**: Aron Carnahan (lead trial attorney, member of ND IL trial bar, IL Bar No. 6242642) and Laurie Haynie (member of ND IL general bar, IL Bar No. 6195230), both of Husch Blackwell LLP, 120 S. Riverside Plaza, Suite 2200, Chicago IL 60606.

      **For Defendants**: Nicole C. Mueller (member of the United States District Court for the Northern District of Illinois general bar, IL Bar No. 6309735) and Joseph C. Wylie II (United States District Court for the Northern District of Illinois general and trial bars, IL Bar No. 6270852), both of K&L Gates LLP, 70 West Madison Street, Suite 3300, Chicago, Illinois 60602.

   b. **Basis for Federal Jurisdiction.**

      The basis for federal jurisdiction is 28 U.S.C. § 1332(a)(2). Plaintiff alleges that the amount in controversy exceeds $75,000, because the inventory that Ty seeks to recover from Defendants or for which Ty seeks payment from Defendants is worth in excess of $1.4 million, plus interest. LTD is owned by Tomson Holding OÜ, a company organized under the laws of Estonia, and the owners of Tomson Holding OÜ include Toomas Neson domiciled in Estonia. Nordic is said by Defendants to be owned by Klinsky Holding OÜ. Sune

---

counsel discussed whether the parties could come to an agreed schedule for filing and responding to Plaintiff's amended complaint. Plaintiff has since informed Defendants that Plaintiff intends to file an amended complaint, and the Parties have agreed that no response to the Complaint is required.

Group Pty Ltd. is owned by Toomas Neson (domiciled in Estonia) and Janar Suleimanov (domiciled in Estonia and Australia). Defendants do not agree that this Court has jurisdiction over all parties or that venue is appropriate here, and reserve the right to assert defenses to jurisdiction and venue.

c. **Nature of Claims, Counterclaims and Affirmative Defenses**.

Ty brings claims for breach of contract, violation of the Illinois Fraudulent Transfer Act ("IFTA"), conversion and tortious interference with contractual relations against its former distributor in Australia and related territories (LTD), its former distributor in the Nordic and Baltic countries (Nordic) and the recipient of fraudulently transferred Ty inventory (Sune). The claims against LTD and Nordic are based on their failure to pay for inventory ordered and accepted from Ty; their failure to return unpaid inventory to Ty after termination; their failure to allow Ty to re-purchase any paid-for Ty product still in their possession or control after termination; their failure to provide Ty with information required to facilitate Ty's transition of the distributorships to Ty's new distributor; and their fraudulent transfer of Ty's inventory after termination of their respective distributorship agreements. The claims against Sune are based on its acceptance of Ty inventory knowing that LTD was in breach of its agreement with Ty by transferring such inventory and that the transfer was made with the intent to defraud Ty, LTD's creditor.

Defendants LTD and Nordic are investigating potential counterclaims that they might assert against Ty for breach of contract; unjust enrichment; promissory estoppel; declaratory judgment of breach, anticipatory breach, or

4

repudiation of the distribution agreements; set-off; or other claims stemming from the parties' relationship under the distribution agreements that form the basis of Ty's claims and certain promises that were made by Ty to Defendants with regard to promotional pricing campaigns. Defendants' investigation is ongoing and grounds for additional counterclaims may be uncovered.

Defendants are further investigating the affirmative defenses that may be raised in response to the complaint and amended complaint, including laches; waiver, estoppel, acquiescence, and/or ratification; unclean hands; failure to mitigate damages; barred by contract; immateriality of alleged breach; lack of damages; lack of contract or privity; and set-off. Additional affirmative defenses may be raised in response to the as-yet unseen amended complaint.

d. **Major Anticipated Legal and Factual Issues**. The major legal issues include: whether LTD and Nordic breached their agreements with Ty by allegedly failing to pay for inventory ordered and received; allegedly failing to permit Ty to obtain possession of unpaid-for inventory and re-purchase paid-for inventory after their distributorship agreements were terminated; allegedly failing to provide Ty with the information necessary in order to facilitate the transfer of business to Ty's new distributor; selling products in competition with Ty during the six months after termination; and allegedly misappropriating Ty's trade secrets; whether LTD and Nordic are entitled to claim a setoff in connection with Ty's claim for payment of goods ordered and accepted by LTD and Nordic; whether LTD and Nordic fraudulently transferred Ty product to third parties after Ty terminated their distributorship

agreements; whether Defendants have improperly converted Ty's property; whether Sune tortiously interfered with LTD's distributorship agreement with Ty; whether Ty has stated a claim against any of the Defendants; whether Ty has incurred any damages from the alleged conduct; whether Defendants are entitled to relief for their forthcoming counterclaims; and whether Defendants' affirmative defenses bar recovery by Ty in part or full of its claims.

The major factual issues include whether LTD and Nordic failed to pay Ty for inventory of Ty product that they ordered and accepted; whether Nordic and LTD are entitled to any additional credits in connection with the "Not To Exceed" program operated by Ty in 2023; whether LTD and Nordic failed to return unpaid-for inventory to Ty and permit Ty to re-purchase paid-for inventory after Ty terminated their distributorship agreements; whether LTD and Nordic improperly transferred Ty inventory belonging to Ty to third parties after Ty terminated their distributorship agreements; whether Sune had knowledge of a valid and enforceable agreement between LTD and Ty, intentionally and without justification induced LTD to breach its agreement with Ty by purchasing from LTD product owned by Ty, and whether Sune's conduct resulted in breach of the LTD-Ty distribution agreement that caused damage to Ty; and damages suffered by Ty. The foregoing is likely to prove incomplete. Additional facts and legal questions may arise as the proceedings continue.

e. **Type and Calculation of Damages and Other Relief Sought by Plaintiff**.

Ty seeks to recover possession of the unpaid-for inventory of Ty product in Defendants' possession and/or control, and to re-possess any paid-for inventory of Ty product in Defendants' possession and/or control. To the extent Ty in unable to obtain actual possession of unpaid-for product delivered to LTD and Nordic, Ty seeks to recover the payment for all such goods, plus interest as provided by the contract or allowed by law. As of the present date, LTD owes Ty $382,294.80 plus interest and Nordic owes Ty $1,091.049.28 plus interest. Ty also seeks injunctive relieve to require LTD and Nordic to provide Ty with the information necessary to effect a smooth transition to Ty's new distributor as required by the Distribution Agreements, and seeks injunctive relief to prevent LTD and Nordic from competing with Ty for six month following termination and from disclosing Ty's trade secrets.

3. **Pending Motions and Case Plan.**

   a. **Pending motions.**

   Plaintiff's Position. There are no currently pending motions, although Ty intends to file an Amended Complaint by no later than June 13, 2025, and has offered Defendants up to thirty (30) days thereafter to answer or otherwise plead.

   Defendants' Position. Defendants have not seen Plaintiff's amended complaint and therefore cannot say whether or on what grounds they may move to dismiss its claims. However, based on the facts and claims alleged in the operative complaint, one or more Defendants anticipate moving to dismiss

the amended complaint for failure to state a claim, insufficient service of process, and lack of personal jurisdiction.

Given the timing of Plaintiff's filing and the fact that the proposed thirty (30) days includes a major holiday and conflicts with pre-planned travel on the part of Defendants' counsel, Defendants are seeking sixty (60) days to investigate and respond to the as-yet unseen amended complaint. Counsel for Defendants understands from discussions with counsel for Plaintiff that the amended complaint will contain numerous additional tort claims and may also name an additional party. Further, Defendants are all located out of the country, while their counsel is located in Chicago. The time difference and language barriers result in a need for additional time.

b. **Proposal for Discovery and Case Management Plan.**

  (1) *General Type of Discovery Needed*: Ty anticipates taking discovery concerning LTD's and Nordic's acceptance of and failure to pay for Ty product; any transfer or sale of Ty product or other assets after Ty terminated the distributorship agreements; LTD's and Nordic's customer lists and order histories; the creation of other entities after Ty terminated the distributorship agreements; sale of products that are competitive with Ty products by related entities or entities owned by or controlled by persons connected with LTD and/or Nordic; disclosure or use of Ty's trade secrets by Defendants or persons connected with Defendants.

Defendants anticipate taking discovery on the topics identified by Plaintiff and concerning the distribution agreements and correspondence regarding the performance and purported termination of same.

The parties anticipate that electronic discovery will be required in terms of sales figures, customer lists and orders, and emails and other correspondence by and between relevant parties.

(2) *Deadline for filing First Amended Complaint:* June 13, 2025.

(3) *Deadline for filing Response to First Amended Complaint:* To be determined by the Court.

(4) *Deadline for Rule 26(a)(1) Disclosures*: August 14, 2025

(5) *Deadline for Issuing Written Discovery*: January 9, 2026

(6) *Confidentiality Orders*. The parties will require a Protective Order to protect the confidentiality of information disclosed during discovery.

(7) *HIPAA Waivers*. No HIPPA waivers will be required.

(8) *Deadline for Completion of Fact Discovery*: May 11, 2026.

(9) *Expert Discovery Deadlines*: The expert disclosure deadline for the party bearing the burden of proof on an issue is June 11, 2026; responsive expert disclosure deadline is July 16, 2026; rebuttal reports to any opening report are due on or before

9

    August 13, 2026; the deadline for deposing experts is September 17, 2026.

    (10) *Dispositive Motion Filing Deadline*: October 14, 2026.

    (11) *Tentative Trial Date*: to be set at the Court's convenience following resolution of any dispositive motions.

 c. **Request for Jury Trial and Probable Length of Trial.** A jury trial has been requested. It is anticipated that the probable length of trial will be 5 days.

4. **Consent to Proceed Before a Magistrate Judge.** The parties have discussed the advantages of a Magistrate Judge referral, but they have not unanimously consented to proceed before a Magistrate Judge.

5. **Status of Settlement Discussions.**

 a. The parties have had unsuccessful settlement correspondence.

 b. The parties do not request a settlement conference.

| | |
|---|---|
| Dated: June 9, 2025 | Respectfully submitted, |

                                                      HUSCH BLACKWELL, LLP

By: */s/ J. Aron Carnahan*
J. Aron Carnahan
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606
Telephone: 312.526.1612
Facsimile: 312.655.1501
aron.carnahan@huschblackwell.com

*Attorneys for Plaintiff Ty Inc.*

K&L GATES LLP

By: */s/ Nicole C. Mueller*
Nicole C. Mueller
70 West Madison Street
Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
nicole.mueller@klgates.com

*Attorneys for Defendants*